# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| GERALD BICKEL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    vs. | ) CAUSE NO. 1:10-cv-232-WTL-DML |
| | ) |
| LIBERTY MUTUAL GROUP, INC., et al., | ) |
| | ) |
|    Defendants. | ) |

## ENTRY ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court on the Defendants' motion for partial summary judgment (dkt. no. 22) and the Plaintiff's related motion to strike (dkt. no. 32) and motion for oral argument (dkt. no. 31). The motions are fully briefed, and the Court, being duly advised, **GRANTS** the Defendants' motion and **DENIES** the Plaintiffs' motions for the reasons set forth below.

## MOTION TO STRIKE AND MOTION FOR ORAL ARGUMENT

The Plaintiff's motion to strike is directed to the Affidavit of Paula McGee, several paragraphs of which the Plaintiff asserts were not based upon Ms. McGee's personal knowledge. The motion to strike was filed in contravention of Local Rule 56.1(f), which provides that "[c]ollateral motions in the summary judgment process, such as motions to strike, are disfavored. Any dispute regarding the admissibility or effect of evidence should be addressed in the briefs." Accordingly, the motion to strike is **DENIED**. However, the Court has considered and addressed the Plaintiff's arguments with regard to the admissibility of the affidavit paragraphs at issue as they are relevant to the discussion below.

The Plaintiff's motion for oral argument also is **DENIED**, inasmuch as the parties have

thoroughly briefed the relevant issue and the Court does not believe that oral argument would add anything to the materials already before it.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## BACKGROUND

In August 2009, Plaintiff Gerald Bickel applied for short-term disability benefits from Liberty Life Assurance Company of Boston ("Liberty Life"), the administrator of his employer's short-term disability plan ("the STD Plan"), after his primary care physician, Dr. Donald Troyer, opined that he was unable to return to his job as a Customer Service Specialist due to severe lumbar and thoracic back pain and weakness, numbness, and pain in his legs and feet. Dr. Troyer referred Bickel to Dr. Stephen Ribaudo, who also opined that he was unable to work. A

2

third physician, neuropsychologist Paul Macellari, M.D., conducted a neuropsychological chronic pain evaluation of Bickel and concurred that he was incapable of returning to work. Liberty Life denied Bickel's claim for benefits under the STD Plan and denied his appeal of that denial. This litigation ensued.

**DISCUSSION**

Bickel asserts three causes of action in his complaint. In Count I, he asserts a breach of contract claim against Defendant Liberty Mutual Group, Inc. ("LMGI"), alleging that its denial of his claim for short-term disability benefits breached the terms of the STD Plan. In Count II, Bickel asserts a claim for failure to provide employment wages against LMGI. While the complaint does not specify, Bickel's brief in opposition to the instant motion establishes that this claim is brought pursuant to the Indiana Wage Payment Act, Ind. Code 22-2-5-0.5. In Count III, Bickel asserts a claim pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), alleging that Defendant Liberty Mutual Long-Term Disability Plan ("LTD Plan") has failed to pay him long-term disability benefits.

In the instant motion, the Defendants assert that Counts I and II of Bickel's complaint are preempted by ERISA and that Count II must fail in any event because as a salaried employee Bickel did not fall under the Indiana Wage Payment Act. They also assert that the relief sought by Bickel in Count III–an award of long-term disability benefits–is unavailable to him because his claim for those benefits has never been evaluated by the LTD Plan. Each of these arguments is addressed, in turn, below.

*ERISA Preempts Counts I and II*

The Defendants assert that the STD Plan is a bona fide employee welfare benefit plan as

defined by ERISA. There is no dispute that the Defendants intended the STD Plan to be an ERISA plan when it was created and have so intended at all relevant times. Indeed, the STD Plan purports by its express terms to be subject to ERISA. Bickel argues that regardless of the Defendants' intentions the STD Plan is not an ERISA plan, but rather is a "payroll practice" that is excluded from ERISA pursuant to 29 C.F.R. § 2510.3-1(b)(2), which provides that "[p]ayment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons" is not an employee welfare benefit plan subject to ERISA.

The Court agrees with Bickel that if the STD Plan satisfies the regulation's definition of an excluded payroll practice it is not subject to ERISA despite the Defendants' intentions. In order to determine whether the STD Plan is an ERISA plan or an excluded payroll practice, the relevant characteristics of the STD Plan must be examined. With one exception, as discussed below, the following facts asserted by the Defendants regarding the STD Plan are undisputed:

> The STD Plan was formally established by Liberty Mutual Insurance Company "LMIC" in 1992. At that time, LMIC was both plan sponsor and the Named Plan Administrator, and was solely responsible for paying benefits under the Plan out of its general assets. The STD Plan provides STD benefits to eligible employees of LMIC and other participating companies in the Liberty Mutual Group of companies ("participating employers.)" There were 14 participating employers at the time the Plan was restated in 2002, including LMIC. As of January 1, 2009, there were 23 participating employers. Each participating employer is a separate corporate entity. Employers may participate or terminate participation in the SPD Plan only upon approval of the Plan Administrator. On September 10, 2003, effective September 24, 2003, the Boards of Directors of LMIC and LMGI voted to amend the STD Plan. LMGI became the plan sponsor with sole responsibility for funding the Plan for all participating employers from its general assets. LMIC remained the named Plan Administrator. Liberty Life provides claim administration services for the STD Plan pursuant to an Administration Services Only ("ASO") agreement with LMIC.

Defendants' Statement of Material Facts Not in Dispute ¶¶ 3-6, 8 (record citations omitted).

Bickel asserts that he was employed by LMGI[1] and argues that because all benefits paid under the STD Plan are paid out of the general assets of LMGI, the STD Plan is a payroll practice of LMGI. However, as the Defendants point out, there are numerous employers who participate in the STD Plan, and the plan is either an ERISA plan or it isn't; it cannot be exempt from ERISA with regard to employees of LMGI but not as to the employees of the other participating employers. *See Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir. 2000) ("For purposes of determining whether a benefit plan is subject to ERISA, its various aspects ought not be unbundled.").

Implicitly recognizing that fact, Bickel argues that the Defendants have failed to prove their assertion that "[e]ach participating employer [in the STD Plan] is a separate corporate entity." In support of this assertion, the Defendants cite the affidavit of Paula McGee. The Court agrees with Bickel that McGee's deposition testimony calls into question her competency to testify on that topic and renders those portions of her affidavit suspect at best. *See, e.g.*, McGee Dep. at 15, 16 ("You know, again, you're getting into the structure of the company and I don't think I'm comfortable testifying on those types of issues. I just know that there are parent companies and there are subsidiary companies. . . . I don't know if those terms–how those terms work, parent, that sort of thing."). However, the deficiency in McGee's affidavit is not fatal to the Defendants' position. Bickel does not dispute the fact that the other participating employers

---

[1] The Defendants assert that Bickel was an employee of LMIC at the time he applied for short-term disability benefits; his employment was transferred to LMGI effective January 1, 2010, while Bickel was on a leave of absence. Because this distinction is irrelevant to the issues before the Court, the Court need not resolve this factual dispute at this time, and will assume that Bickel's version of the facts is correct.

are subsidiaries of LMGI, but argues (without citation to authority) that LMGI's assets "are comprised of the assets of its subsidiary companies." Bickel Response at 13. However, "distinct corporations, even parent and subsidiary corporations, are presumed separate," *Greater Hammond Community Servs., Inc. v. Mutka* 735 N.E.2d 780, 784 (Ind.,2000), and there is simply no evidence of record that calls that presumption into question. In fact, the Defendants submitted with their reply brief the affidavit of Andre Laurion,[2] who avers that Liberty Life –one of the participating employers in the STD Plan–is a distinct corporate entity with assets entirely separate from LMGI. Accordingly, the Court finds that the Defendants have demonstrated that–at least as to the employees of Liberty Life–benefits paid under the STD Plan are not paid "out of the employer's general assets." This takes the STD Plan out of the payroll practices exclusion and means that the Plan is subject to ERISA. Accordingly, the Defendants' motion for summary judgment is **GRANTED** as to Counts I and II, as those state-law claims are preempted by ERISA.[3]

### *Count III*

In Count III of his complaint, Bickel alleges that the Defendants have failed to pay him long-term disability benefits in violation of ERISA and the terms of the LTD Plan. Bickel asks the Court to award him long-term disability benefits. The Defendants move for summary judgment on Count III, pointing out that because Bickel's claim for short-term disability benefits

---

[2]In his capacity as Assistant Controller II for LMGI, Laurion is responsible for the production of annual reports for Liberty Life and therefore has personal knowledge of Liberty Life's corporate structure.

[3]The Court need not address the Defendants' alternative argument that Count II fails because Bickel was a salaried employee and the Indiana Wage Payment Act applies only to hourly employees.

was denied the Defendants have never made a determination regarding Bickel's entitlement to benefits under the LTD Plan and that it would be inappropriate for the Court to make that determination in the first instance, even if the Court were to award Bickel short-term disability benefits as a result of this lawsuit.

Bickel argues that if the Court determines that he was entitled to short-term disability benefits that determination will dictate a finding that he is also entitled to long-term disability benefits. Bickel notes that the LTD Plan provides that "[i]f you are totally or partially disabled for more then 26 weeks and are eligible for Long-Term Disability benefits, Liberty Life Assurance Company of Boston ("Liberty Life") will convert your benefits from Short-Term Disability to Long-Term Disability," and argues that this language means that the Defendants would have no discretion to deny him long-term disability benefits if the Court were to award him 26 weeks of short-term disability benefits.

While at first glance this language does seem to support Bickel's argument, it cannot be viewed in a vacuum. Rather, as the Defendants point out, the definition of disability varies between the STD Plan and the LTD Plan. The STD Plan pays benefits if an employee cannot perform "all the material and substantial duties of his or her Own Job at his or her pre-disability regular schedule because of Injury or Sickness." "Own Job" is defined by the STD Plan as "the job that the covered employee was performing when Total Disability or Partial Disability began." The LTD Plan, on the other hand, defines "disability" for the first 18 months as the inability to perform "the Material and Substantial Duties his Own Occupation," which, in turn, is defined as "the employee's occupation that he was performing when his Disability or Partial Disability began . . . as it is normally performed in the national economy." Based upon these

7

definitions, an employee could qualify as disabled under the STD Plan because he is unable to perform his job as it is performed for his particular employer, but then not qualify as disabled under the LTD Plan because he could perform his occupation as it is performed in the national economy. Therefore it is unreasonable to read the language pointed to by Bickel as requiring the Defendants to pay long-term disability benefits automatically simply because short-term disability benefits have been paid for 26 weeks. Under the LTD Plan, Liberty Life is entitled to make an independent determination whether an employee qualifies for long-term disability benefits. In the event that Bickel ultimately is successful in this case and the Court awards him 26 weeks of short-term disability benefits, Liberty Life, not the Court, will then have to determine whether Bickel is entitled to receive benefits under the LTD Plan.

## CONCLUSION

For the reasons set forth above, the Defendants' motion for partial summary judgment is **GRANTED**. Counts I and II of Bickel's Complaint are preempted by ERISA, and Bickel is not entitled to the relief he seeks in Count III. Although Bickel's Complaint does not plead an ERISA claim in the alternative, the Court (and presumably the Defendants, inasmuch as they move only for partial summary judgment) assumes that Bickel wishes to pursue his claim for short-term disability benefits pursuant to ERISA. If that is the case, Bickel shall file an amended complaint setting forth his ERISA claim(s) **within 14 days of the date of this Entry**. If no amended complaint is filed by that date, final judgment in favor of the Defendants will be entered.

SO ORDERED: 11/23/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification